THREADGILL, Judge.
The Florida Department of Health and Rehabilitative Services (H.R.S.), on behalf of the mother, D.A.R., appeals a final judgment denying a petition to establish the appellee’s, C.M.N.’s, paternity for and obligation of support to D.R.M., a minor child.[1] The trial court directed a verdict in favor of the appel-lee C.M.N. after finding a presumption of legitimacy arising from the child’s relationship with the mother’s former husband, R.M.R. We reverse on the ground there was no competent substantial evidence to support a presumption of legitimacy.
No presumption of legitimacy arises from the circumstances of the child’s conception and birth. Under Florida law, a child is deemed illegitimate child if conceived and born out of wedlock. Dennis v. Department of Health and Rehabilitative Services, 566 So.2d 1374 (Fla. 5th DCA 1990). The *23 mother did not marry her former husband until eight months after the child’s birth.
Nor does a presumption of legitimacy arise under section 742.091, Florida Statutes (1991),[2] because the evidence does not support a finding that the former husband was the reputed father. The birth certificate is silent as to the father. The mother deposed that she never held the former husband out as the child’s father and that the former husband and the child knew that the former husband was not the father. Since the divorce the former husband has visited the child about once a month and has expressed an interest in his welfare; however, he has made no payments for his support. The divorce decree is silent as to children. There is no evidence in the record to show that the former husband is under any legal obligation for the child’s support.
Finally, there is no evidence to show that the former husband established his paternity for the child by affidavit or stipulation with the mother in accordance with section 742.10, Florida Statutes (Supp.1992).[3]
Although there is a motion for temporary custody of D.R.M. in the record purportedly filed and signed by the former husband, it does not create a presumption of legitimacy or establish paternity under Florida law. The motion is a copy of one filed in a Massachusetts court before the former husband filed his petition for divorce. It was unsworn and unauthenticated and constituted inadmissible hearsay because the former husband was neither a party nor a witness to this paternity determination. Furthermore, any evidentiary value to be derived from the motion is offset by the husband’s later pretrial memorandum to the divorce proceedings in which he expressly denied he was the child’s father.
Notwithstanding the foregoing, the trial court found a presumption of legitimacy arising by implication from the motion for temporary custody and the former husband’s marriage to the mother. Relying on the rule of Department of Health and Rehabilitative Services v. Privette, 617 So.2d 305 (Fla.1993), the trial court denied the motion for a blood test and granted the appellee’s motion for a directed verdict when H.R.S. did not make the required threshold showing to overcome the presumption. Privette holds that there must be a clear and compelling reason based on the child’s best interests to overcome a presumption of legitimacy and that until that threshold is met, the putative father cannot be required to submit to a human leukocyte antigen (H.L.A.) blood test to determine biological parentage. 617 So.2d at 309. The trial court then adjudicated the former husband R.M.R. the legal father with an attendant obligation for child support and adjudicated the child to be the legitimate child of the former husband R.M.R. and the child’s mother D.A.R., without any findings of fact or conclusions.
Given the absence of competent substantial evidence to establish a presumption of legitimacy, the trial court erred in denying the motion for a blood test and in granting a directed verdict against H.R.S. We there *24 fore reverse and remand for further proceedings.
Reversed and remanded.
FRANK, C.J., and QUINCE, J., concur.

. A petition to establish paternity and order child support and payment for unreimbursed public assistance monies was initiated against the ap-pellee in Massachusetts and transmitted to Florida under the Uniform Reciprocal Enforcement of Support Act.

. § 742.091, Fla.Stat. (1991): Marriage of parents. — If the mother of any child bom out of wedlock and the reputed father shall at any time after its birth intermarry, the child shall in all respects be deemed and held to he the child of the husband and wife, as though bom within wedlock, and upon the payment of all costs and attorney fees as determined by the court, the cause shall be dismissed and the bond provided for in s. 742.021 shall be void. The record of the proceedings in such cases shall be sealed against public inspection in the interests of the child.

. § 742.10, Fla.Stat. (Supp.1992), effective June 1, 1992: Establishment of paternity for children born out of wedlock. — This chapter provides the primary jurisdiction and procedures for the determination of paternity for children bom out of wedlock. When the establishment of paternity has been raised and determined within an adjudicatory hearing brought under the statutes governing inheritance, dependency under workers’ compensation or similar compensation programs, or vital statistics, or when an affidavit acknowledging paternity or a stipulation of paternity is executed by both parties and filed with the clerk of the court, it shall constitute the establishment of paternity for the purposes of this chapter. If no adjudicatory proceeding was held, a determination of patemily shall create a rebuttable presumption, as defined by s. 90.304, of paternity.